[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2103

 EMIRO PASSOS-PATERNINA,

 Plaintiff, Appellant,

 v.

 UNITED STATES,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Emiro Passos-Paternina on brief pro se.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Camille Velez-Rive, Assistant
United States Attorney, on brief for appellee.

August 18, 1999

 Per Curiam. Appellant, Emiro Passos-Paternina, has
appealed the district court's denial of his motion, filed
pursuant to 28 U.S.C. 2255. We have carefully reviewed the
parties' briefs and the record on appeal. We affirm
essentially for the reasons stated in the district court's
opinion. See Passos-Paternina v. United States, 12 F.Supp.2d
231 (D.P.R. 1998). We add only the following:
 The district court determined that, although
proffered as a claim of ineffective assistance of counsel, the
second of Passos-Paternina's two claims was really a claim of
the denial of his right to testify on his own behalf and that
such a claim should not be analyzed under the Strickland
standard for ineffective assistance of counsel claims; rather,
such a claim should be reviewed as a constitutional "trial
error" subject to the Brecht harmless error standard. Passos-
Paternina v. United States, 12 F.Supp.2d at 240 (agreeing on
this point with the Fifth Circuit's opinion in Jordan v.
Hargett, 34 F.3d 310, 316 n.5 (5th Cir. 1994), vacated on other
grounds, 53 F.3d 94 (1995) (en banc)).
 We need not decide which of the two standards is
appropriate here. To establish Strickland prejudice, a
defendant must show that "there is a reasonable probability
that, but for counsel's unprofessional errors, the result of
the proceeding would have been different." Strickland v.
Washington, 466 U.S. 668, 694 (1984). Pursuant to the Brecht
harmless error standard, a defendant must show "actual
prejudice," defined as showing that the constitutional trial
error had a "substantial and injurious effect or influence in
determining the jury's verdict." Brecht v. Abrahamson, 507
U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328
U.S. 750, 776 (1946)). In the instant case, the district court
concluded that Passos-Paternina had not demonstrated that the
denial of his right to testify actually prejudiced his defense. 
Passos-Paternina v. United States, 12 F.Supp.2d at 242-43. 
That conclusion was correct and the result would not change
even if analyzed under the Strickland standard.
 Affirmed.